## PUTNAM v. LOMAX.

*(Circuit Court, N. D. Illinois.   October 7, 1881.)*

1. LETTERS PATENT—MEASURE OF DAMAGES.
    The profits of which the patentee is deprived by the manufacture or use of the device, only a single element of which is covered by his patent, constitute the measure of his damages.

Exception to Master's Report.

*J. P. Altgelt,* for complainant.

*Charles E. Anthony* and *West & Bond,* for defendant.

BLODGETT, D. J.   This was a suit brought by the complainant against the defendant for an infringement of a patent issued to the complainant, and reissued January 19, 1864, for an improvement in wire bottle-stopper fastening.   On the hearing the defendant was adjudged to infringe complainant's patent, and reference was made to a master to hear proofs, and report the profits which had accrued to the defendants by the use of complainant's patent, and to ascertain and report the damages which complainant had sustained thereby.   The master has reported, finding amount of profits made by defendant by use of complainant's device, within the time in controversy, to be $3,585.11.   To this report defendant has filed seven exceptions.

All these exceptions relate to the amount which complainant is entitled to recover from defendant for the alleged infringement of his patent.

The master found that the defendant had made over 4,000 gross of the fastenings in violation of the complainant's patent; that complainant was in the business of manufacturing fasteners to supply the trade; and that his profits were 86¼ cents per gross for the goods at his factory.   He therefore fixed the defendant's profits at what would have been the complainant's profits if defendant had bought of him.

The claim of this patent, which was sustained by the court in this case, and has been construed and sustained in several other cases by different courts, is "for the U-shaped fastener made of wire, with the ends returned and connected to the bottle in order that the pressure on the cork may cause the fastener to hold more securely, as specified;" and it is urged that as the U-shaped fastener alone does not make the complete instrument or device, but is only one part or element of the device, the profits on the whole fastener (part of which is not covered by complainant's patent) do not furnish a rule for the

measure of the profits made by defendant, or of complainant's damages.

Proof shows that the defendant is engaged in the business of bottling mineral waters, beer, etc., and uses these stopper-fastenings in his business, and also that he has sold some to the trade. It also appears that the complainant was engaged, during the term of infringement, as a manufacturer of these bottle-stopper fastenings under his patent, and had ample facilities to supply the entire demand of the trade for these fastenings.

A patentee has the right to the monopoly given him by his patent, and may exercise that right, either by the exclusive manufacture of his patented article, or he may license others to manufacture on such terms as he chooses, or may sell his patent within certain territory.

There is no proof that the complainant had established a license fee or royalty for the use of his patent, and the fair conclusion from the proof is that he was deriving his profits solely from the manufacture and sale of the article covered by his patent. If the defendant manufactured for his own use, or for sale, he so far interfered with the complainant's sales, and so far damaged complainant's business. It may, perhaps, also be said, with entire accuracy, under the proof, that defendant, by being his own manufacturer, made a profit to whatever amount he saved over and above what he would have paid if he bought of complainant. Technically, I think, the proofs tend more directly to show complainant's damages than defendant's profits; but I do not deem it necessary to criticise the report in that particular, as it furnishes the data upon which the court can act intelligently, and the criticism is more upon the verbiage than on the substance of the report.

The report shows how many of these fastenings were made and used by defendant, and shows that if he had not pirated upon complainant's patent he would have been compelled to buy of complainant, and therefore shows how much complainant was damaged.

As to the point that only part of the fastener is covered by the patent, I deem it enough to say that defendant used what was covered by the patent. If he had not used the wire U-shaped yoke, but had used the tin yoke, which is said to have been old and not subject to patent, there would have been no infringement. The mere fact that to make an operative fastener under the Putnam patent required a wire collar or band around the neck of the bottle, or some device for attaching the fastener to the bottle, does not seem to me to cut any

figure in this case.   Nearly every patented device, in order to apply it or make it operative, requires the use, in connection with what is covered by the patent, of something which is old, as in this case.   Something to attach the yoke or bail to the neck of the bottle is necessary, and the proof shows the complainant and defendant both made these fasteners complete, with the wire collar or band to go around the neck of the bottle, so that it could be applied ready for use by merely closing the collar around the neck.   In manufacturing his fasteners thus ready for use, complainant made the profit found by the master, and it is no answer to complainant's claim for damages that every operative part of his fastener was not covered by his patent. He made them according to his patent, and sold them.   The defendant, instead of buying from complainant, made his own fasteners in complete similitude of complainant's patent, and thereby damaged the complainant.

In other words, the complainant, by making fasteners complete for use under his patent, made a profit, and the defendant, by wrongfully using complainant's patent, deprived him of a portion of the profits which he would otherwise have made.

The exceptions are overruled, the report of the master confirmed, and a decree will be entered fixing the complainant's damages at $3,585.11, to be paid with interest from the date of the report.